IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WALTER ALAN MOORE, III**                                                               **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:06CV600BA**

**DEPUTY MIKE MCWILLIAMS**                                                        **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 26th day of February, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendant was represented by attorney Allen McDaniels. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. During the hearing, the parties executed a Consent to the Exercise of Jurisdiction by a United States Magistate Judge. The Plaintiff claims that Deputy McWilliams conspired with an inmate, Demetrius McCarty, to cause him bodily injury. Specifically, Moore claims he and McCarty were having an argument because he would not

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

give McCarty his commissary items. McCarty told Moore that he could get his cell door unlocked, and then he had Deputy McWilliams open his door. McCarty entered his cell and there was a fight, which was witnessed by Deputy McWilliams. According to Moore, a deputy from another unit heard the commotion and came over to break up the fight. Moore claims injuries to his neck and left ear. He was taken to the emergency room at the Central Mississippi Medical Center, where he received twenty or more stitches in his left ear. Moore was released from the hospital after about eight hours. He says that he continues to have pain in his neck, and his ear needs plastic surgery. Moore testified that he has pain when he sleeps on his left side. Moore was a pretrial detainee when the incident occurred.

2.  **DISCOVERY ISSUES and PENDING MOTION**

The Defendant should provide to the Plaintiff copies of all of his medical records from the Hinds County Detention Center on or before April 16, 2007. The Plaintiff signed a medical authorization so that the Defendant can get his hospital records, which should also be provided by that date. Any disciplinary records related to the incident should also be produced to the Plaintiff by April 16. All of these records shall also be produced at trial. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3.  **TRIAL WITNESSES**

The Plaintiff requested that the following witnesses, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter:

      1.      Daniel Bowen, #39398
             B-3 5112
             1450 County Farm Road
             Raymond, MS 39154

      2.      Cedric Cry, #23439
             B-3 5107
             1450 County Farm Road
             Raymond, MS 39154

      3.      Robert Murray, #45358
             B-3
             1450 County Farm Road
             Raymond, MS 39154

The court orders that subpoenas *ad testificandum* issue for these persons for the trial of this cause, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

      4.      **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for filing motions in this matter is April 30, 2007. The trial of this action will be set after the resolution of all motions.

IT IS SO ORDERED, this the 19th day of March, 2007.

S/Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE